IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NESTORA GARCIA, *et al.*,

        Plaintiffs,

        v.

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF BERNALILLO, *et al.*,

        Defendants.

Case No. 09-cv-322 BB/WDS

**MEMORANDUM OPINION**

Plaintiffs, the parents of a pretrial detainee who died of heart failure while awaiting trial in jail, have sued Defendant Dr. Timothy McMurray for, *inter alia*, medical negligence and deliberate indifference to their son's medical needs. After the deadline for amending the pleadings had passed, and at the tail end of the discovery period, Plaintiffs alleged that they learned for the first time of the role played by Dr. Timothy McMurray. Dr. McMurray allegedly served as the primary care provider to Plaintiffs' son, Daniel Garcia, at the Detention Center before his death. Based on this belated discovery, on June 24, 2010, Plaintiffs filed a Motion for Leave to File an Amended Complaint to add Dr. McMurray as a defendant after the pleading deadline had passed and after the statute of limitations had run (Doc. 69). The Court granted this motion on November 30, 2010. Defendant McMurray now moves for summary judgment on the sole ground that the statute of limitations bars Plaintiffs' claims against him.

For the reasons explained below, the Court concludes that Defendant's purported motion for summary judgment is actually a motion to reconsider. Further, it finds that none of the grounds for granting a motion to reconsider are present, and that under Rule 15(c) of the Federal Rules of Civil

Procedure, Plaintiffs' claims against Dr. McMurray relate back to the original timely filed complaint. Therefore, Defendant's motion is DENIED.

## Factual and Procedural Background

For purposes of this motion, the relevant facts are as follows.[1] On May 16, 2006, Mr. Daniel Garcia, a 33-year-old pretrial detainee awaiting trial in the Bernalillo County Metropolitan Detention Center, began suffering from an abnormal buildup of fluid in his feet and ankles. In the two weeks preceding his untimely death, Daniel complained to the jail's doctors, including Dr. McMurray, repeatedly of pain, abnormal fluid buildup in his extremities, and red, blotchy skin. Dr. McMurray prescribed a diuretic and sent Daniel back to his cell. By the end of the second week, after Dr. McMurray had again sent Daniel back to his cell with more diuretic, Daniel called his mother begging her to help him get to a hospital. The following morning, on May 25, 2006, Daniel died in his cell from heart failure.

On May 23, 2008, Daniel's parents filed suit in state court on his behalf alleging negligence and deliberate indifference to Daniel's medical needs. The Garcias named the Bernalillo County Board of Commissioners, the City of Albuquerque, Dr. William Shannon, other unnamed medical staff as "John Roes," and four county officers (and John Does) that have since been dismissed. The statute of limitations ran on Plaintiffs' Tort Claims Act claims around May 25, 2008. *See* N.M. Stat. § 41-4-15 (1978). Plaintiffs obtained the summons required to serve Defendants with process on February 25, 2009. On May 23, 2009, the New Mexico statute of limitations ran on the rest of Plaintiffs' claims. *See* N.M. Stat. Ann. § 37-1-8 (2010) (creating a three year statute of limitations for personal injury claims). After removal, this Court issued a scheduling order and set a deadline of November 23, 2009 for amending the pleadings.

---

[1] For an in-depth discussion of the larger factual and procedural background of this case, see Doc. 108.

By January of 2010, several months after the pleading deadline but well before Plaintiffs filed their June 24 motion to amend, Plaintiffs' expert received medical reports that contained Timothy McMurray's name, but did not describe his medical duties at the jail. Plaintiffs allege that they did not understand McMurray's high degree of participation in treating Daniel from the reports. They further allege that they did not learn of the relative roles of Dr. Shannon and Dr. McMurray until April 7, 2010, when Dr. Shannon testified at his deposition for the first time that he never saw or tried to treat Daniel until after Daniel had died. Based on this belated discovery, on June 24, 2010, Plaintiffs filed a Motion for Leave to File an Amended Complaint to add Dr. McMurray as a defendant after the pleading deadline had passed and after the statute of limitations had run (Doc. 69). The Court granted this motion on November 30, 2010.

## Discussion

Defendant McMurray raises a single issue in his motion: whether the statute of limitations bars Plaintiffs from amending their complaint to add Dr. McMurray as a defendant. The Court already addressed this very issue with respect to Dr. McMurray in its November 30 opinion and order granting Plaintiffs' motion to amend. (Doc. 108, at 4-18.) Therefore, while Defendant McMurray styles his motion as a motion for summary judgment, the Court finds that this motion is actually a motion to reconsider for two reasons. First, it would be premature for Defendant McMurray to bring a motion for summary judgment at this stage as discovery is still ongoing between the two parties and Plaintiff has still not been provided the opportunity to depose Defendant McMurray. (Doc. 144, at 4-5.) Second, Defendant McMurray does nothing more in his motion than reargue the legal issue already decided in the Court's November 30 opinion, which indicates that this professed motion for summary judgment is in fact a motion to reconsider the opinion and order granting the motion to amend. (Doc. 140, at 2) ("[t]o the extent that the Court's determinations in

the Order implicate Dr. McMurray's Motion for Summary Judgment, Defendant asserts that the Court's determinations should be reconsidered . . . .").[2] Consequently, the Court treats this as a *de facto* motion to reconsider, and applies the standard relevant to such motions.

Appropriate grounds for reconsideration of a prior opinion are: (1) a change in the controlling law that occurred after the court issued its opinion, (2) new evidence unavailable before the court issued its opinion, and (3) the need to correct clear error or prevent manifest injustice. " *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As the Tenth Circuit has explained, "a motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.* Rather, "[a]bsent extraordinary circumstances, . . . the basis for [a motion to reconsider] must not have been available at the time the first motion was filed." *Servants of the Paraclete*, 204 F.3d at 1012.

Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure allows plaintiffs to add new defendants after the statute of limitations has run on a claim where four conditions are met. First, the claims against the defendant must arise from the same transaction as the original complaint. Second, the addition must constitute a "change" in the parties. Third, the proposed defendant must have received timely notice of the original filing. Finally, the proposed defendant either must have

---

[2] There is no Tenth Circuit case law addressing whether a newly added defendant has standing to request reconsideration of a motion to amend the complaint to add that defendant. However, under the traditional standing analysis, the Court finds that the newly added defendant does have such standing. A party, to have standing with respect to an issue, must "allege personal injury fairly traceable to the [opposing party's objectionable] conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Defendant McMurray has sufficiently alleged that granting Plaintiffs' motion to amend caused him injury by subjecting him to the burdens of litigation and allegedly prejudicing his defense because "[m]emories have now faded [and] the case is stale. . . ." (Doc. 140, at 10.) Further, the relief he requests (dismissal from the lawsuit) would redress that injury.

known or should have known that it would have been a party absent a mistake by the plaintiff.[3] Fed. R. Civ. P. 15(c)(1); *see also* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1498, at 128 (3d ed. 1998). Defendant argues that Plaintiffs failed to satisfy three of the four elements necessary for relation back under Rule 15(c)(1)(C). He argues: (1) that the addition of Dr. McMurray does not constitute a "change"; (2) that Dr. McMurray did not receive timely notice of the claim; and (3) that the mistake prong is not satisfied. The Court addresses each argument in turn.

## I.  Change in Party

Defendant first argues that substituting Dr. McMurray for a "John Roe" medical provider does not constitute a change within the meaning of Rule 15(c)(1)(C). However, Defendant's argument here involves neither intervening, controlling law nor new facts unavailable at the time of the first opinion. Rather, Defendant simply argues for a different interpretation of the exact same case law, *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004), that the Court relied on in its November 30 opinion in finding that Plaintiffs' proposed amendment constituted a change.

---

[3]*Rule 15(c)(1) of the Federal Rules of Civil Procedure* provides:

(1) When an Amendment Relates Back.

An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by *Rule 4(m)* for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity

Consequently, the Court finds no reason to reconsider its conclusion with respect to whether the substitution of Dr. McMurray for a "John Roe" constitutes a "change" under Rule 15.

## II. Adequate Notice

With respect to the notice prong, Defendant McMurray presents new evidence: an affidavit swearing that he had no actual notice of the lawsuit until he received service of process on December 15, 2010. Defendant McMurray implicitly argues that this information was unavailable to the Court before he was added as a Defendant, because he was not a party and so could not submit this affidavit on his own behalf. However, the other Defendants, who raised this issue in response to the motion to amend, did have the opportunity to submit this information, and chose not to do so.[4] Defendant McMurray has made no argument that he was unavailable to the other Defendants prior to the motion to amend to testify as to his lack of actual notice. Consequently, the Court does not consider Defendant McMurray's affidavit to be previously unavailable evidence.

However, even considering the affidavit on the merits, it does not change the Court's prior analysis. The Tenth Circuit has ratified the use of constructive notice theories. *See Slade v. U.S. Postal Serv.,* 875 F.2d 814, 816 (10th Cir. 1989) (imputing notice to the Postmaster General when the plaintiff timely served the Attorney General). While the Tenth Circuit has not yet addressed

---

[4] The Court found that the other Defendants had standing to raise the issue because those Defendants argued that granting the motion would result in prejudice to them, by potentially exposing them to additional discovery, potential delay of the trial, additional motions, and other litigation costs as well. (Doc. 80, at 4-5.) A party, to have standing with respect to an issue, must "allege personal injury fairly traceable to the [opposing party's objectionable] conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). The Court found that the existing Defendants had sufficiently alleged that granting Plaintiffs' motion to amend would cause them injury (burdens of additional litigation), and the relief they requested (denial of the motion) would redress that injury. *See also SpeedSportz, LLC v. Menzel Motor Sports, Inc.*, No. 07-cv-624, 2008 U.S. Dist. LEXIS 83260 at *2 (D. Okla Oct. 17, 2008) (noting that courts routinely recognize that existing defendants have standing to object to motions to amend to add new defendants). Notably, no party has ever argued, including in this pending motion, that the other Defendants lacked standing to object to the motion to amend.

whether constructive notice is sufficient where the new defendant claims no actual notice, various other circuits and districts have addressed this issue and concluded that constructive notice does suffice regardless of whether the new defendant received actual notice. *See Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986); *Kirk v. Cronvich*, 629 F.2d 404, 407 (5th Cir. 1980) ("we do not believe that actual notice is required under Rule 15(c)"); *see also Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, (3d Cir. 2001) (endorsing methods of constructive notice, regardless of a showing of actual notice, but finding neither method satisfied on the facts); *Ennis v. HCA Health Servs. of Okla.*, No. 04-cv-682, 2008 U.S. Dist. LEXIS 47001, at *13 n.3 (W.D. Okla. June 17, 2008) ("constructive notice of the litigation is sufficient"); *LaCedra v. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 129 (D.R.I. 2004) ("Rule 15(c) does not require that a new party receive actual notice of the action and the Rule may be satisfied by a showing of constructive notice"); *Carpenter v. Stiefel*, N. 96-c-6614, 117 U.S. Dist. LEXIS 5147, at *4 (N.D. Ill. Apr. 11, 1997) ("[u]nder Rule 15(c), the notice may be either actual or constructive"); *Alaya Serrano v. Collazo Torres*, 650 F. Supp. 722, 728 (D.P.R. 1986) ("Even if we were to determine that [the proposed defendant] was without actual notice . . . of this suit during the one-year term of the statute of limitations, we would nonetheless be required to find the provisions of Rule 15(c) met by virtue of his constructive notice").

      This Court held in its prior opinion that Dr. McMurray had constructive notice of this lawsuit based on an identity of interest theory, because Dr. Shannon, another defendant, was timely added, and both Dr. Shannon and Dr. McMurray, who both worked at the jail together, are indemnified by Correctional Medical Services (CMS). Since CMS received timely notice of this lawsuit through Dr. Shannon, and since CMS is the real party in interest, this Court imputed timely notice to Dr. McMurray through CMS. (Doc. 108, at 7-14.). In the pending motion to reconsider, Defendant McMurray does not cite to any intervening, controlling case law in arguing that the identity of

interest method should not apply to him. Rather, Defendant McMurray simply disagrees with the Court's analysis of existing case law, and urges the Court to reconsider its decision on that basis. Since even treating Defendant McMurray's affidavit as previously unavailable evidence does not change the outcome under the Court's interpretation of existing case law, the Court finds no basis to reconsider its conclusion that Defendant McMurray received constructive notice of the lawsuit through Defendant Shannon and CMS.

### III. Mistake

Finally, Defendant McMurray argues that he could not have known that he would have been added to Plaintiffs' lawsuit absent a mistake about his identity. However, just as with the "change in party" prong, Defendant's argument here involves neither intervening, controlling law nor new facts unavailable at the time of the first opinion. Rather, Defendant simply argues for a different interpretation of the exact same case law, *Garrett v. Fleming*, 362 F.3d 692 (10th Cir. 2004) and *Krupski v. Costa Crociere S.P.A.*, 130 S. Ct. 2485 (2010), that the Court relied on in its November 30 opinion in finding the mistake prong satisfied. Consequently, the Court finds no reason to reconsider its conclusion that Defendant McMurray should have known that he would have been added to the lawsuit but for a mistake about his identity. Consequently, the Court finds no basis to "reconsider what I thoughtfully considered the first time around." *Clark v. Las Cruces Pub. Sch. Dist.*, No. 10-cv-307, slip op. at 9 (D.N.M. Sept. 22, 2010).

Dated: June 14, 2011

                                                      */s/ Bruce D. Black*
                                                      **BRUCE D. BLACK**
                                                      **UNITED STATES DISTRICT JUDGE**